United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2004

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03-60966
_____

NATIONAL FEDERATION OF RETIRED PERSONS,

Petitioner,

versus

SOCIAL SECURITY ADMINISTRATION,

Respondent.

_____

Petition for Review from the Decision
of the Social Security Administration
(A-03-16)

_____

Before GARZA, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner National Federation of Retired Persons ("NFRP") appeals the decision of the

Departmental Appeals Board ("DAB") to levy a fine on NFRP for the latter's use of snap mailers in

violation of section 1140 of the Social Security Act. Section 1140 states that "[n]o person may use,

in connection with any item constituting an advertisement, solicitation, circular, book, pamphlet, or

other communication . . . [prohibited words] in a manner which such person knows or should know

_____

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

would convey, or in a manner which reasonably could be interpreted or construed as conveying, the false impression that such item is approved, endorsed, or authorized by the Social Security Administration . . . ." 42 U.S.C. § 1320b-10(a). In an initial review, the Administrative Law Judge ("ALJ") found both that NFRP knew or should have known the mailers could create a false impression as to their origin, and that a reasonable person could have been similarly misled by the solicitations; in particular, the mailers included numerous mentions of "SSA", "Social Security", and "SSI", and displayed images, such as the Capitol building, typically associated with governmental bodies. The DAB affirmed this ruling, finding that there were not sufficient countervailing features of the mailers to override its otherwise misleading nature and rejecting challenges to the ALJ's legal test.

In this appeal, NFRP renews its argument that the ALJ's legal conclusions were not justified under the statute. For the cogent reasons given by the DAB, we reject NFRP's contention. By failing to point to any feature of the mailers that undermines the DAB's factual conclusions, NFRP implicitly concedes that part of the DAB's order. Finally, we reject NFRP's argument that section 1140 is unconstitutionally overbroad and vague. *See J&B Entm't, Inc. v. City of Jackson, Miss.*, 152 F.3d 362, 367 n.6 (5th Cir. 1998) (citing *Greyned v. City of Rockford*, 408 U.S. 104, 108–09 (1972)). Consequently, the DAB's decision is AFFIRMED.